**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JIMMIE LEE WALTON, ID # 1482003,** ) | | |
| Plaintiff, ) | | |
| vs. ) | **No. 3:10-CV-0200-M-BH** | |
| ) | | |
| **DALLAS COUNTY,** ) | | |
| Defendant. ) | **Referred to U.S. Magistrate Judge** | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3-251, this case has been referred for pretrial management.

**I. BACKGROUND**

On or about February 1, 2010, Plaintiff, a prisoner in the Texas prison system, filed this action under to 42 U.S.C. § 1983, alleging false arrest and deprivation of liberty. (Compl. at 3-4.) He claims that he was arrested on a warrant after he had already been served his time on the offense charged in that warrant. (*Id.*) He was then allegedly charged with theft after Dallas County officials removed the original suspect's name on the charging documents and wrote in his name. (*Id.*) Plaintiff asserted these same claims against the Sheriff of Dallas County in Cause No. 3:08-CV-2166-K (N.D. Tex.). That action was dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because Plaintiff's allegations showed no personal involvement by the Sheriff and that he had been indicted on the theft charge – a showing that negated an essential element of a false arrest claim, lack of probable cause. *See Walton v. Valdez*, No. 3:08-CV-2166-K, 2009 WL 89666, at *2 (N.D. Tex. Jan. 9, 2009) (accepting recommendation of Mag. J.), *appeal dismissed*, 340 Fed. App'x 954 (5th Cir. 2009). No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis* ("IFP"). As a prisoner seeking redress from a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal, if the Court finds the complaint malicious.

The Fifth Circuit "has held that it is malicious for a pauper to file successive IFP suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)). Naming a different defendant in the successive action does not change the malicious or duplicative nature of the case, and a court may properly dismiss it. *See Bailey*, 846 F.2d at 1021.

Here, Plaintiff asserts the same claims against Dallas County that he made against the Dallas County Sheriff in his prior action. There is no apparent reason Plaintiff could not have pursued his claims against Dallas County in that case.[1] Consequently, this action should be dismissed as malicious. *See id.*

---

[1] Notably, to hold a municipality like Dallas County liable under 42 U.S.C. § 1983, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005); *Stephens v. Dallas County*, 3:05-CV-1009-K, 2007 WL 34827, at *5 (N.D. Tex. Jan.4, 2007). Because Plaintiff has not alleged any official policy or custom on the part of Dallas County that violated his constitutional rights nor presented anything to show a policy or custom, his claims against Dallas County necessarily fail.

### III. RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The dismissal of the complaint will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 4th day of February, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.